UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DEWAYNE HATTON,<br><br>                     Plaintiff,<br><br>          v.<br><br>MEEKS,<br><br>                     Defendant. | No.  2:21-cv-01551-TLN-CKD P<br><br>FINDINGS & RECOMMENDATIONS |

A recent court order was served on plaintiff's address of record and returned by the postal service. It appears that plaintiff has failed to comply with Local Rule 183(b), which requires that a party appearing in propria persona inform the court of any address change. It is the plaintiff's responsibility to keep the court apprised of his current address at all times. "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." Local Rule 183(b). More than sixty-three days have passed since the court order was returned by the postal service and plaintiff has failed to notify the Court of a current address.

In determining whether a dismissal is appropriate, the court considers five factors. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ferdik, 963 F.2d at 1260-61 (citing Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)). The first three factors in Ferdik suggest that dismissal is warranted in this case. A further review of the docket indicates that plaintiff was released from custody at the Sacramento County Main Jail. Plaintiff's failure to update his address after being released from custody renders the availability of any less drastic alternatives unavailable.[1] While a dismissal runs counter to disposing of cases on their merits, the remaining factors counsel in favor of dismissing this case for failure to prosecute. See Malone v. United States Postal Service, 833 F.2d 128, 133 n. 2 (9th Cir. 1987) (finding that district court's dismissal of action with prejudice was not an abuse of discretion where four factors outweighed the single remaining factor). Having considered the Ferdik factors, the undersigned concludes that dismissal without prejudice is appropriate in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without prejudice for failure to prosecute. See Local Rule 183(b).
2. All pending motions (ECF Nos. 26, 30) be denied as moot.
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

---

[1] The court notified plaintiff at the outset of this case that he was under a continuing duty to notify the Clerk of Court of any change in address. See ECF No. 3-1 at 2.

2

Dated: June 22, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/hatt1551.33a